# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RICHARD LEROY PARKER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF DUBUQUE, COUNTY OF DUBUQUE, DUBUQUE POLICE DEPARTMENT, DUBUQUE CHIEF OF POLICE, SCOTT ENGLEMAN, CAPTAIN RADLOFF, DAVID BRENDAN WELSH, BRUCE DEUTSCH, CHAD LEITZEN, J. SLIGHT, DAVID RANDALL, BRANDON GUDENKAUF, JOHN DOE, WENDY LYONS, KELLY FRANCOIS and TIMOTHY J. GALLAGHER,<br><br>    Defendants. | No. C19-1020-LTS<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

    This matter is before me pursuant to plaintiff Richard Parker's pro se motion to proceed in forma pauperis (Doc. 1) and pro se 42 U.S.C. § 1983 complaint (Doc. 1-1). In his complaint, Parker alleges a variety of constitutional violations arising from his arrest and detention.

## I.    MOTION TO PROCEED INFORMA PAUPERIS

    Parker did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner

must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

Parker, an inmate at Canaan USP in Waymart, Pennsylvania, has submitted documents (Doc. 1) that substantially comply with the requirements set out above. Because it is clear that he does not have the assets necessary to pay the filing fee, his motion to proceed in forma pauperis is granted. However, even though the court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Parker must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that Parker submitted, I find that the initial partial filing fee is $124.84. *See* Doc. 1 at 3. Parker shall submit $124.84 by no later than 30 days from the date of this order. If the court does not receive payment by this deadline, this action shall be dismissed pursuant to Fed. R. Civ. P. 41(b) (permitting dismissal when a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259–60 (8th Cir. 1997) (explaining court's power to dismiss an action). If necessary, Parker may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, a prisoner-plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after Parker pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. The Clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where Parker is an inmate.

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is

3

"frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555., or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III.   INITIAL REVIEW ANALYSIS

#### A.   § *1983 Standard*

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy

4

for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  *Parker's Claims*

Parker is serving a sentence of life imprisonment pursuant to a judgment in this court. *See* CR17-1034-LRR, Docs. 187, 205. He raises eight "Counts" related to the investigation and series of arrests that proceeded his federal criminal case. Specifically, Parker alleges: (1) defendants searched Parker's residence without probable cause on April 17, 2017;[1] (2) defendants unconstitutionally revoked Parker's state parole on May 4, 2017; (3) defendants unconstitutionally detained Parker prior to his trial; (4) defendants conspired to violate Parker's rights by conducting the search at issue in Count 1; (5) the municipal defendants had a policy or custom that resulted in the search described in Count 1; (6) the municipal defendants conspired to revoke Parker's parole as described in Count 2; (7) Parker's right to a speedy trial was violated; and (8) defendants maliciously prosecuted Parker. All of these claims fail for the two reasons discussed below.

---

[1] United States District Judge Linda Reade ultimately suppressed the evidence recovered as a result of that search, finding the warrant was not supported by probable cause. *See* CR17-1034-LRR, Doc. 94 at 17 (adopting a Report and Recommendation).

### 1. *Time Barred Counts*

Parker mailed his complaint to this court on August 9, 2019. 42 U.S.C. § 1983 claims are governed by the relevant state's personal injury statute of limitations. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). In Iowa, § 1983 actions are subject to a two-year statute-of-limitations. *See* Iowa Code § 614.1(2). The search at issue in Counts 1, 4 and 5 occurred on April 17, 2017, more than two years before Parker filed this case.

As will be discussed in more detail below, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court stated that:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*, at 487. If the conviction has been invalidated, the statute of limitations does not start to run until the invalidation happens. *Id*. If *Heck* applied to illegal search and seizure claims, the statute of limitations would start to run at a date later than the date of the search. However, in a footnote in *Heck*, the Supreme Court foreclosed that possibility:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.*, at n.7. Thus, Parker's illegal search and seizure claims accrued on April 17, 2017, and are time-barred. *See, e.g., Moore v. Sims*, 200 F.3d 1170, 1171–72 (8th Cir.2000) (noting n.7 and concluding unlawful search and seizure claims are not barred by *Heck*);

*Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) (cause of action for illegal search or seizure accrues when act occurs).

The same is true regarding Counts 2, 3 and 6. Parker's parole was revoked on May 4, 2017. Whatever the exact nature of his constitutional claims relating to his incarceration prior to being federally indicted on August 24, 2017, they are time barred. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007), stating:

> We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.

Based on *Wallace*, Parker's claims accrued when he was taken into custody. By his own admission, that occurred more than two years before he mailed the present complaint. Counts 2, 3 and 6, like Counts 1, 4 and 5, are time barred.[2]

### 2. *Heck* Barred Claims

As discussed above, *Heck* bars claims that would necessarily call into question the validity of a plaintiff's incarceration. Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would call into question the lawfulness of his detention. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Although Judge Reade suppressed the search of Parker's residence, he was ultimately convicted of two counts of distribution of heroin near a protected location on or about April 17, 2017. *See* CR17-1034-LRR, Docs. 2, 187. That conviction has not been invalidated. *See United States v. Parker*, 993 F.3d 595 (8th Cir. 2021). Thus, to the extent that in Count 3 Parker is challenging his pretrial detention in CR17-1034-LRR, along with his Count 7 allegation that his speedy trial rights were violated and his Count 8 allegation that he was the victim of malicious prosecution, those counts are *Heck*

---

[2] Because Count 3 is vague as to whether it refers to Parker's incarceration before or after his federal indictment, I will also discuss it in relation to *Heck*.

barred.³  *See Heck*, 512 U.S. at 484 ("The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here...").

### IV.   CONCLUSION

For the reasons set forth herein:

1. Parker's motion to proceed in forma pauperis (Doc. 1) is **granted**.
2. The Clerk's office is directed to file the complaint (Doc. 1-1) without the prepayment of fees.
3. Parker is directed to submit an initial partial filing of $124.84 by no later than 30 days from the date of this order.  If necessary, he may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after he pays the initial partial filing fee, the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2).  Until the $350.00 filing fee is paid in full, he is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.
4. The Clerk's office is directed to send a copy of this order and the notice of collection of the filing fee to the appropriate official at the place where Parker is an inmate.

---

³ By its terms, *Heck* applies to state court prisoners.  However, subsequent case law has applied *Heck* both to federal prisoners bringing § 1983 claims and prisoners filing claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See e.g. Hilario v. Marianna*, 561 F. App'x 821, 822 (11th Cir. 2014) (unpublished); *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505, n.2 (3d Cir. 2008) (observing that § 1983 and *Bivens* claims brought by a federal prisoner could be *Heck* barred, although they were not in that case); *Kaplan v. Miller*, 653 F. App'x 87, 90 (3d Cir. 2016) (applying *Heck* to a federal prisoner raising § 1983 claims).

5. For the reasons set out above, Parker's claims are denied for failure to state a claim and this case is dismissed. Because this dismissal is based in part on *Heck*, it is without prejudice. *See Sheldon*, 83 F.3d at 234.

**IT IS SO ORDERED.**

**DATED** this 16th day of July, 2021.

_____
Leonard T. Strand, Chief Judge

TO:  WARDEN/ADMINISTRATOR
     USP Canaan, Waymart, Pennsylvania.

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Richard Parker, No. 07178-029, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Parker v. City of Dubuque, et.al.*, Case No. C19-1020-LTS. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's statements, the court has assessed an initial partial filing fee of $124.84, which the inmate must pay now to the Clerk of Court. *See* 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the inmate pays the initial partial filing fee of $124.84, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If the inmate has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of the above-named inmate shall collect and remit the filing fee as set forth above.

/s/ jag
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa